Dear Mr. Privat:
This office is in receipt of your request where you ask us to consider whether a school board may legally use vans to transport students to athletic events. Specifically you ask the following,
 1) Is it legal for the Acadia Parish School Board or schools under their jurisdiction to transport students in vans owned by the School Board capable of carrying more than ten students?
 2) Is it legal for the Acadia Parish School Board or schools under their jurisdiction to own vans for the purpose of transporting students capable of carrying more than fifteen students but modified to carry no more than nine students with a driver?
 3) Is it legal for the Acadia Parish School Board or schools under their jurisdiction to own and transport students in vans capable of carrying nine students and a driver?
In reviewing both federal and state laws on the transportation of children, there is no per se prohibition against using vans to transport children to athletic events. Some of the vans you describe will be statutorily defined as school buses, under federal law, based on their carrying capacity. If the van is defined as a school bus, it would be subject to the federal rules governing the standard equipment, color, specifications, etc. for school buses
Federal transportation guidelines define a school bus in49 U.S.C. § 30125(a)(1). It states;
 "(a) school bus means a passenger vehicle designed to carry a driver and more than 10 passengers, that the Secretary of Transportation decides is likely to be used significantly to transport preprimary, primary, and secondary school students to or from school or an event related to school."
Louisiana has a different definition of school bus. In LA R.S.32:1(62), a school bus is defined as, "every motor vehicle that complies with the color, equipment, and identification requirements set forth in this Chapter and is used to transport children to and from school or in connection with school activities." See also Bulletins 1191 and 1213. State law, therefore, appears to require that all vehicles used to transport students to and from school or school related events must meet all requirements for schools buses.
Therefore, in response to your first inquiry, a van carrying more than 10 students may be used by the school board to transport students. There is nothing that generally prohibits it. This type of van would be defined as a school bus under both state and federal law and must therefore conform with all applicable law.
Concerning your second inquiry, this office would come to the same general conclusion.
As to your final question, it would not appear to be defined as a school bus under federal law. However, as it will be used to transport students, it is required by state law to meet all requirements for school buses.
In all three questions, the van should meet all requirements for school buses imposed by state law as they will be used to transport students to athletic events.
The school board may legally use the vans in question to transport students to athletic events, provided they met the requirements for school buses. It should also be advised that your school bus liability carrier be contacted to see if your current policy will cover the transportation of students in such vans. Also, you should be aware of the decision inRobertson v. Travis, 393 So.2d 304 (La App. 1 1980). In Robertson, a driver of a station wagon being used to transport school children was held to the same degree of care as a school bus driver. Id. at 308. Anytime students are being transported to and from school or in connection with school activities a qualified school bus driver should be used.
In conclusion, there is no per se prohibition that would prevent the school board from owning the types of vans you mention, but the vans would be considered to be a school bus under state law, and therefore need to meet these requirements. School board owned vans used to transport students are still required to carry the same type of insurance, and their drivers are held to the same standard of care as a regular school bus driver.
If this office can be of an further assistance to you, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________ James C. Hrdlicka Assistant Attorney General
RPI/JCH:tfd
DATE RECEIVED:
DATE RELEASED:
JAMES C. HRDLICKA, ASSISTANT ATTORNEY GENERAL